IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| STANDARD PACIFIC OF THE CAROLINAS, LLC, | ) ) ) | C/A No.: 0:10-cv-1620-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| AMERISURE INSURANCE COMPANY | ) ) ) ) | |
| Defendant. | ) ) ) | |

This action was originally filed in York County, South Carolina on May 26, 2010, and the defendant removed to this Court on June 23, 2010. The plaintiff is seeking a declaration of coverage under an insurance contract and claims that it is entitled to a defense and indemnity. This case is before the Court on "Plaintiff's Motion for Partial Judgment on the Pleadings/Summary Judgment." Both parties submitted briefs, and the Court heard arguments at a hearing on November 23, 2010.

**I.     Facts and Procedural History**

The plaintiff, Standard Pacific of the Carolinas, LLC, was formerly known as Westfield Homes of the Carolinas, LLC and was the developer of the Ridge Point Community subdivision in Rock Hill, South Carolina. Sometime between April 11, 2003 and August 14, 2003, the plaintiff entered into a contract called a Land Development-Construction Agreement with Matthews Construction, the general contractor the plaintiff hired to build the subdivision.

As part of the agreement, Matthews was to provide a certificate to the plaintiff that showed that Matthews had a general liability insurance policy from a licensed insurance company that met certain criteria. In addition to having particular minimum limits, the policy had to name the plaintiff as an "additional insured." The defendant in this action, Amerisure Insurance Company, issued a general commercial liability policy to Matthews. The plaintiff and the defendant disagree on the meaning and enforceability of several of the policy's provisions.

The plaintiff brought the instant action to determine coverage under the policy because it, along with Matthews and other defendants, are being sued by Terry and Donna Shortt in the York County Court of Common Pleas for injuries Terry Shortt suffered in June of 2008 when he fell off his bike and broke his back after riding over a deteriorated section of an asphalt path in Ridge Point. The Shortts allege that the plaintiff, Matthews, and the other defendants are jointly and severally liable for Terry Shortt's injuries because of their negligence in the design, development, construction, management, and maintenance of the asphalt path.

The plaintiff alleges that Matthews was responsible for the installation of the path and is seeking coverage under Matthews' insurance policy from the defendant Amerisure. On September 9, 2009, the defendant denied a duty to defend because it claims that the indemnity provision in the contract is void and unenforceable under South Carolina Code § 32-2-10 and that the Shortt claim did not arise out of Matthews' ongoing operations.

**II.     Legal Standard and Analysis**

For a judgment on the pleadings or summary judgment, the Court will view the facts in the light most favorable to the non-moving party and determine whether there is a genuine issue of material fact. King v. Gemini Food Services, Inc., 483 F.Supp. 964, 966 (D.Va. 1976), aff'd 562 F.2d 297 (4th Cir. 1977).

The Land Development-Construction Agreement between the plaintiff and Matthews Construction required that Matthews obtain an insurance policy that would provide at least the amount of coverage in the 1986 Commercial General Liability Insurance Policy. It also required that the policy maintained certain minimum limits, named the plaintiff as an "additional insured," and did not have any exclusions that conflicted with the coverage required by the Agreement. Additionally, the plaintiff claims that the "Indemnity" section says that Matthews will indemnify the plaintiff for all claims against it arising out of Matthews' work, both in-progress and completed.

**A.     Effect of South Carolina Code § 32-2-10**

The parties disagree over the enforceability of this agreement. South Carolina Code § 32-2-10 says that a construction contract that indemnifies the promisee, its employees, or indemnitees "against liability for damages arising out of bodily injury or property damage" "resulting from the sole negligence of the promisee," its employees, or indemnitees is against public policy.

This section does not apply to insurance contracts. The plaintiff alleges that this

3

agreement is an "insured contract," making the code section inapplicable. Although no South Carolina cases interpret § 32-2-10 and the agreement discusses the insurance policy the contractor is required to obtain, the agreement was not issued by a licensed insurer and does not likely fit the definition of an "insurance contract" as contemplated by the statute.

The plaintiff argues that the agreement at issue does not violate this code section because the "Indemnity" section of the agreement requires Matthews to indemnify the plaintiff for Matthews' negligence, not the plaintiff's own negligence. The defendant argues that the agreement promises to indemnify the plaintiff even when it is solely responsible for the negligent act. However, the agreement clearly states that the plaintiff will be indemnified for claims "arising out of or in connection with the performance of the Work" . . . "by Contractor," not by the plaintiff.

The section goes on to say that the Contractor "waives all claims" against the plaintiff for damages or injuries "from any cause arising at any time, except for wrongful acts or gross negligence" of the plaintiff. Even though this sentence appears to hold the plaintiff harmless for the plaintiff's own simple negligence, the code section is only a bar to indemnification for that negligence, not to a waiver. Therefore, the Court finds that the agreement between the plaintiff and Matthews is valid and does not violate § 32-2-10.

### B.     Ongoing Operations

The injury in the underlying Shorrt complaint occurred in 2008, several years after Matthews had completed work on the subdivision. The defendant argues that the insurance

policy it issued to Matthews covered the plaintiff for Matthews' ongoing operations only, not finished and completed work.

The plaintiff qualifies as an additional insured under the definition of "Who Is An Insured" in the "Contractor's Blanket Additional Insured Endorsement" section of the insurance policy. However, the insurance provided to such an additional insured is limited to the ongoing operations of the contractor performed for the additional insured. The policy allows for "your work" coverage only if the written contract between the parties, the Land Development-Construction Agreement in this case, requires "'your work' coverage (or wording to the same effect)."

The plaintiff argues that the agreement contains wording that clearly shows that "your work" coverage was required. First, in the "Liability Insurance" section of the agreement, a $500,000 aggregate limit for "Products/Completed Operations" is listed as a requirement. Second, the plaintiff points to the agreement's requirement of "coverage at least equivalent to the 1986 Commercial General Liability Insurance policy," which the plaintiff argues would provide "your work" coverage and evidences that the parties agreed to "your work" coverage.

Other than these references that the plaintiff points out, no mention of completed operations or finished work is made anywhere else in the agreement. Nowhere in the "Work," "Protection of Work," or "Indemnity" sections does Matthews agree to provide the equivalent to "your work" coverage. The plain language of the agreement does not amount

to wording to the same effect of "your work." There may be an ambiguity as to what type of coverage was required by the agreement, but ambiguities in contracts are construed against the drafter, and the plaintiff drafted this agreement. Plantation A.D., LLC v. Gerald Builders of Conway, Inc., 386 S.C. 198, 687 S.E.2d 714 (S.C. Ct. App. 2009). The plaintiff may have thought that it was going to get completed works coverage and have a resulting claim against Matthews. However, the plain language of the insurance policy allows for "your work" coverage for the additional insured only when a written agreement requires it explicitly or with equivalent language. The Court finds that neither situation was present in this agreement.

### III. Conclusion

The Court hereby finds that the "Indemnity" section of the Land Development-Construction Agreement does not violate South Carolina Code § 32-2-10 but that the agreement does not clearly require Matthews to obtain "your work" coverage for the additional insured. Therefore, the Court denies the plaintiff's motion for judgment on the pleadings/summary judgment and grants summary judgment in favor of the defendant. The remaining causes of action in this case include claims for breach of the insurance contract, bad faith, and punitive damages and will be addressed at a later date.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 5, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge